UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARRYL WILLIAM YOUNG, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____) | CASE NO.   C05-924RSM <br>                   (CR99-210RSM) <br><br> ORDER DIRECTING PETITIONER TO <br> SUBMIT ADDITIONAL BRIEFING |

Petitioner is a federal prisoner who is currently incarcerated at the Federal Correctional Institution at Sheridan, Oregon. He has presented to this Court for filing a document entitled "Petition for Writ of Habeas Corpus Under the 'All Writs Act'" in which he seeks to challenge the application of the "reckless endangerment" enhancement to his sentence. Petitioner contends that he is currently serving this unconstitutional 18 month enhancement and that he is therefore entitled to release from custody. In his statement of jurisdiction, petitioner cites to various statutory provisions which he asserts confer jurisdiction on this Court to consider his constitutional challenge to his current custody. It appears, however, that petitioner intends to proceed with this action under 28 U.S.C. § 2241.

Generally, challenges to the legality of a federal court sentence must be filed under 28 U.S.C. §

ORDER DIRECTING PETITIONER TO
SUBMIT ADDITIONAL BRIEFING - 1

2255.  *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  A prisoner who is authorized to apply for relief by motion under § 2255 may not petition for habeas corpus relief under § 2241 unless he can show that "the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.

The first, and only, question for this Court to resolve is whether petitioner's petition is properly construed as a petition for writ of habeas corpus under § 2241, as he apparently intends, or as a motion to vacate, set aside, or correct a sentence under § 2255.  If petitioner establishes that his petition is properly construed as one filed under § 2241, this Court will recommend that this action be transferred to the District of Oregon because this Court lacks jurisdiction over petitioner's custodian. *See  Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980)(citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)).

If, on the other hand, this Court determines that the petition is properly construed as a motion under § 2255, this Court will recommend that this action be transferred to the Ninth Circuit Court of Appeals because petitioner has previously requested, and been denied, relief under § 2255 and is therefore precluded from bringing a motion under § 2255 in this Court unless he first obtains permission from the Ninth Circuit.  *See* 28 U.S.C. §§ 2244(b) and 2255.

Based upon the foregoing, this Court does hereby ORDER as follows:

(1)     Within **thirty (30) days** of the date on which this Order is signed, petitioner shall clarify for the Court whether he intends to proceed with this action under § 2241 or § 2255.  If petitioner advises the Court that he intends to proceed with this action under § 2241, he shall also provide supplemental briefing explaining why the remedy provided by § 2255 is "inadequate or ineffective."  Once the Court has an opportunity to review petitioner's supplemental submissions, it will recommend

ORDER DIRECTING PETITIONER TO
SUBMIT ADDITIONAL BRIEFING - 2

entry of an appropriate transfer order.  Should petitioner fail to timely respond to this Order, this Court will recommend that this action be dismissed.

(2)   Petitioner's motion for appointment of counsel (Dkt. No. 2) is DENIED.  There is no right to have counsel appointed in cases brought under § 2241 unless an evidentiary hearing is required.  *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); and, *Phelps v. United States*, 15 F.3d 735, 737 (8th Cir. 1994).  The Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require."  18 U.S.C. § 3006A.  However, petitioner fails to demonstrate that the interests of justice are best served by appointment of counsel especially where, as here, this action is unlikely to remain in this Court.

(3)   The Clerk shall send copies of this Order to petitioner and to the Honorable Ricardo S. Martinez.

DATED this 27th day of June, 2005.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER DIRECTING PETITIONER TO
SUBMIT ADDITIONAL BRIEFING - 3